UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHARON and JAMES ROE, wife and husband, and the marital community composed thereof,<br><br>Plaintiffs,<br><br>v.<br><br>HOLLAND AMERICA LINE – U.S.A. INC., a corporation; HOLLAND AMERICA LINE, INC., a corporation; and HOLLAND AMERICA LINE N.V. LLC., a corporation;<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES; DEMAND FOR JURY TRIAL** |

COMES NOW the plaintiffs, SHARON ROE, and her spouse, JAMES ROE, and for a cause of action against defendants, and each of them, complains and alleges as follows:

**JURISDICTION & VENUE**

1. This is an action for damages for personal injuries suffered while Plaintiffs Sharon Roe and James Roe were fare paying passengers aboard a cruise ship operating on navigable waters.

2. Jurisdiction is vested in this court under 28 U.S.C. §1332, in that there is complete diversity of citizenship between plaintiffs and the defendants, none of the defendants being citizens of the same state as plaintiffs, and the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of all interest and costs.

3. In the alternative, jurisdiction is vested in this court pursuant to 28 U.S.C. §1333 and the general maritime law of the United States, within the Admiralty Jurisdiction of this court, plaintiffs' claims arising from a tort which occurred on board a vessel engaged in navigation on navigable waters.

4. Venue is based on the forum selection clause included in the terms of defendants' passage contract. Additionally, venue is proper in this District under 28 U.S.C. §1391(b), (c) because all of the defendants are subject to the Court's personal jurisdiction with respect to the civil action in question and therefore reside within this District.

## GENERAL ALLEGATIONS

2. At all times herein material defendant, HOLLAND AMERICA LINE – U.S.A. INC. (hereinafter "HAL – USA") is a corporation formed and existing by virtue of the laws of the State of Washington. Defendant HAL – USA has its principal place of business in Seattle, King County, Washington and is within this judicial district. Defendant HAL-USA was an agent of Defendant Holland America Line N.V. at all times material hereto.

3. Defendant HOLLAND AMERICA LINE, INC. (hereinafter "HAL, Inc.") is a corporation formed and existing by virtue of the laws of the State of Washington. Defendant HAL, Inc. has its principle place of business in Seattle, King County, Washington and was an agent of Defendant Holland America Line N.V. at all times material hereto.

4. Defendant HOLLAND AMERICA LINE N.V. LLC. (hereinafter "HAL N.V.") is a foreign corporation formed and existing by virtue of the laws of the

1  State of Washington. Defendant HAL N.V. chartered the *m/s Nieuw Amerstadam* at all times material hereto.

3. At all times herein material, Plaintiff Sharon Roe was married to Plaintiff James Roe, constituting a marital community under the law of the State of Maryland, where they resided together.

4. At all times herein material, defendants, and each of them, owned, operated, maintained, controlled, and inspected MS NIEUW AMSTERDAM (hereinafter "vessel"), a foreign flag passenger cruise vessel which defendants utilized to transport fare-paying passengers on cruises on navigable waters of the United States and on the high seas.

5. Prior to the departure date, Plaintiff Sharon Roe and Plaintiff James Roe purchased tickets for a cruise aboard the vessel scheduled to embark from Fort Lauderdale, Florida on January 13, 2018, and scheduled to disembark at Fort Lauderdale, Florida on January 23, 2018.

6. On January 15, 2018, Plaintiff Sharon Roe was aboard the vessel as a fare paying passenger, and was walking on the deck 9, mid-ship near the lido pool along a series of windows, when the deck grating abruptly stopped leaving an approximately 8" wide and over ½" deep gap between the window sill and the deck flooring. Plaintiff Sharon Roe tripped and fell in this gap.

7. The vessel should not have allowed passageway or, at minimum, should have warned of such gap when allowing passageway to passengers.

8. As a direct and legal result of the incident alleged herein, Plaintiff Sharon Roe was hurt and injured in her health, strength, and activity, sustaining severe physical injury to her body, including but not limited to head, face, lip, nose, eyes, teeth, both shoulders, both hands, cervical spine, lumbar spine, both knees, lower extremities, shock and injury to her nervous system and person, all of which have caused and continue to cause physical and emotional pain and suffering. Plaintiff Sharon Roe is informed and believes and thereupon alleges

that some or all of the injuries will result in permanent damage, disability, pain, and suffering, causing general damages over the amount required for the jurisdictional requirements of this court.

9. As a further direct and legal result of the incident herein alleged, it was and continues to be necessary for plaintiff to receive medical care and treatment. Plaintiff alleges as damages herein an amount of such loss in an amount according to proof at trial.

    a. Plaintiff Sharon Roe is informed and believes and thereon alleges that such care and treatment will be necessary for an indefinite time in the future.

    b. Plaintiff Sharon Roe suffered complications from necessary treatment related to her injury, requiring further treatment.

    c. The cost of medical care and treatment is not known at this time, as Plaintiff Sharon Roe has not fully recovered from her injuries.

10. As a further direct and legal result of the incident herein alleged, Plaintiff Sharon Roe was prevented from attending to her usual activities for a period of time and is informed and believes and thereon alleges that she will continue to be so prevented for an indefinite period of time in the future, the exact amount of which is unknown at this time. Plaintiff alleges as damages herein an amount of such loss in an amount according to proof at trial.

11. Plaintiff Sharon Roe's injuries have caused a direct loss of consortium and severe impairment of the Plaintiffs' marital relationship. Plaintiff James Roe has suffered the loss of companionship, love, affection, society, consortium, services and support previously enjoyed with and from his spouse. As a result of such loss, Plaintiff James Roe is entitled to damages, in an amount to be determined at trial.

### CAUSES OF ACTION AGAINST ALL DEFENDANTS
### (Negligence-General Maritime Law)

1. Plaintiffs re-allege and incorporates hereby by reference Paragraphs 1 to 2.

inclusive, of the Jurisdiction, Venue, and General Allegations of this Complaint as though the same were fully set forth.

3. As the owner and operator of the vessel, defendants owed plaintiffs a duty to exercise reasonable care under the circumstances to avoid causing her personal injuries, including a duty to properly maintain the vessel in a reasonably safe condition.

4. Defendants had a further duty to warn Plaintiff Sharron Roe of any dangerous conditions which were known to defendants or could have been known to defendants by reasonable inspection.

5. Defendants breached its duty of care to plaintiffs by, inter alia:

   a. Providing passageway on Deck 9 near the mid-ship lido pool of the vessel that was dangerous and defective for passenger walking upon said passage way as intended;

   b. By causing and allowing a gap approximately 8" wide and over ½" deep between the window sill and deck flooring, only partially covered by grating, which abruptly and without warning stopped;

   c. By failing to inspect and repair the passage way, which had a gap approximately 8" wide and over ½" deep between the window sill and deck flooring, only partially covered by grating, which abruptly and without warning stopped, despite the fact that the condition had existed for sufficient time that it should have been discovered by reasonable inspection, and despite prior trip and fall incidents caused by said condition;

   d. By failing to take appropriate corrective action, despite actual and/or constructive knowledge of the dangerous condition described above, prior to plaintiff's fall;

   e. By failing to warn, mark or highlight to passengers, including Plaintiff Sharon Roe, of the aforesaid dangerous condition.

5. As a direct and legal result of defendants' breach of a duty of care owed to

Plaintiff Sharon Roe, plaintiffs were injured and suffered damages as aforesaid.

**PRAYER**

WHEREFORE, plaintiffs pray for monetary damages against defendants, and each of them, according to proof, in such sum as will fully and fairly compensate Plaintiffs for their injuries, including:

1. For general damages in excess of $75,000.00;
2. For special damages, both past and future;
3. For loss of consortium;
5. For prejudgment interest;
6. For costs of suit; and
7. For other such relief as the Court may deem proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby demand a trial by jury as to all triable issues.

Dated: January 10, 2019

By:   /s/ Amie C. Peters
Amie C. Peters, Esq.
Attorney for Plaintiffs

Blue Water Legal PLLC
144 Railroad Avenue, Ste. 308
Edmonds, WA 98020
Telephone: (425) 361-2054
Facsimile: (866) 345-9030
Email: amie@bluewaterlegal.com

By:   /s/ Andrew L. Waks
Andrew L. Waks, Esq.
Attorney for Plaintiffs

Waks & Barnett PA
9900 SW 107th Ave Ste. 101
Miami, FL 33176

Telephone: (305) 271-8282
Facsimile: (305) 595-9776
Email: waksbar@aol.com